IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LARRY BELL | |
|---|---|
| Petitioner, | |
| v. | CIVIL ACTION NO. 99-1985 |
| DAVID H. LARKINS, *et al.* | |
| Respondents. | |

### MEMORANDUM OPINION

**Rufe, J.**                                                       **January 3, 2019**

On April 7, 2000, Petitioner Larry Bell was denied habeas corpus relief in this Court.[1] More than 18 years later, Petitioner seeks relief pursuant to Federal Rules of Civil Procedure 60(b)(5) and (6). For the following reasons, the motion will be denied.

Petitioner was convicted by a jury in the Philadelphia Court of Common Pleas of second-degree murder, aggravated assault, and criminal conspiracy in 1983 and sentenced to a mandatory term of life imprisonment. The charges resulted from a 1981 robbery attempt in which one man was injured and another died from stab wounds. The surviving victim, Patrick Blake, testified at trial that Bell carried a shotgun and Bell's co-defendant, Elwood Small, stabbed both victims with a knife.

In 1990, Bell filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA").[2] At the time, the PCRA did not include a deadline by which a petition had to be filed, but the law provided then, as it does now, for the dismissal of a petition if a delay in filing prejudiced the Commonwealth's ability to retry the petitioner.[3] The Pennsylvania Superior

---

[1] The case was then assigned to the Honorable Louis C. Bechtle, who has since retired.

[2] 42 Pa. Cons. Stat. Ann. § 9541, *et seq*.

[3] 42 Pa. Cons. Stat. Ann. § 9543(b).

Court found merit to Bell's claim that his trial counsel had been ineffective for failing to object to a jury charge that incorrectly stated that to be convicted of second-degree murder the murder had to be committed "during the course of" the robbery; the correct standard was "in furtherance of" the crime.[4] However, because the petition challenging the jury instruction was not filed until seven years after the trial, the Superior Court remanded for a determination of whether the Commonwealth would be prejudiced in its ability to retry Bell.

At the subsequent hearing before the PCRA court in 1996, a police detective testified that despite detailed efforts, he had been unable to locate several witnesses, including Blake.[5] The PCRA court ruled that the Commonwealth would be prejudiced by the delay and denied Bell relief. The Superior Court affirmed, and the Pennsylvania Supreme Court declined to hear the case.

Petitioner then timely sought relief under 28 U.S.C. § 2254 in this Court in 1999. The assigned Magistrate Judge issued a report and recommendation determining that the claims were procedurally defaulted because the ruling that the delay in filing the PCRA petition prejudiced the Commonwealth constituted an independent and adequate basis on which the state courts had denied relief, and the procedural default could not be excused because Petitioner had not shown cause for the delay in raising a claim based on the jury instruction. The report and recommendation also stated that Petitioner could not show actual innocence when he was armed with a shotgun, knew his co-defendant had a 12-inch knife, and had testified that his co-defendant stabbed the murder victim when the victim resisted the robbery by throwing punches

---

[4] *Commonwealth v. Bell*, No. 2510 Philadelphia 1994 (Pa. Super. Ct. Oct. 18, 1995).

[5] *Commonwealth v. Bell*, 706 A.2d 855, 858 (Pa. Super. Ct. 1998) (detailing 1996 efforts by police detective to locate witnesses, including Blake).

at Petitioner. Judge Bechtle approved and adopted the report and recommendation and denied the petition.

Now Petitioner has filed a motion for relief under Rule 60(b), arguing that the denial of his petition in 2000 was in error because it relied on a premise that the inability to locate witnesses, including Blake, prejudiced the Commonwealth's ability to retry the case. According to Petitioner, this premise is no longer valid because on December 14, 2017, a PCRA court hearing a petition from his co-defendant, Elwood Small, ruled in part that "[t]he Commonwealth's detective successfully – perhaps aided by technological advances not available in 1996 when Mr. Bell's evidentiary hearing on prejudice took place – located almost all the trial witnesses," including Blake.[6] Petitioner argues that he was denied leave to hire his own investigator in the PCRA proceeding, who might have been able to locate Blake, as the 2017 PCRA court opinion in Small's case showed that Blake could be found years later. Therefore, according to Petitioner, the earlier determination that his claim was procedurally defaulted was incorrect.

Before reaching the merits of the current motion for relief, the Court first must determine whether it has jurisdiction over the motion. When "the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. A Rule 60(b)

---

[6] *Commonwealth v. Small*, No. CP-51-CR-0521601-1982, 2017 WL 6452168, at *25 (Pa. Com. Pl. Dec. 14, 2017), *reversed on other grounds*, No. 250 EDA 2018, 2018 WL 5317602 (Pa. Super. Ct. Oct. 29, 2018). The PCRA court granted relief to Small, ruling that Bell's testimony in a 1993 PCRA hearing was significantly different from his trial testimony and constituted new evidence. The Superior Court reversed, holding that Bell's 1993 PCRA testimony was materially consistent with his trial testimony, and that the testimony was a matter of public record, having been referenced in two Superior Court opinions on Bell's PCRA proceedings which were available to the counsel representing Small for more than four years before seeking relief based on Bell's PCRA testimony. The Superior Court also held that Small had delayed for more than a year after the acknowledged date counsel became aware of the testimony, rendering the claim untimely under a Pennsylvania statute requiring the filing of a petition within 60 days after the discovery of new evidence. The Superior Court decision did not reach the issue of prejudice or the availability of witnesses.

motion that seeks to collaterally attack the petitioner's underlying conviction, add a new ground for relief, or challenge the federal court's previous resolution of a claim on the merits is deemed a second or successive petition for writ of habeas corpus,[7] and a petitioner must first obtain approval from the Court of Appeals before the district court may consider the merits.[8] A petitioner does not bring a second or successive habeas corpus claim "when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."[9] Because Petitioner's claim goes to the question of procedural default and not to the merits of his underlying conviction, the motion is reviewable under Rule 60(b).[10]

Petitioner seeks relief under Rule 60(b)(5) and Rule 60(b)(6). Rule 60(b)(5) provides that a party may file a motion for relief from a final judgment if: (1) the judgment has been satisfied, released or discharged; (2) a prior judgment upon which it is based has been reversed or otherwise vacated; or (3) it is no longer equitable that the judgment should have prospective application. "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'"[11] "The judgment at issue, however, is the denial of habeas relief, and that judgment is not prospective within the

---

[7] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

[8] 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139–40 (3d Cir. 2002).

[9] *Gonzalez*, 545 U.S. at 532 n.4.

[10] *See Credico v. Attorney Gen. of Pa.*, No. 13-2819, 2017 WL 3129133, at *6 (E.D. Pa. July 21, 2017).

[11] *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992)).

meaning of Rule 60(b)(5)."[12] Thus, Petitioner's motion does not fall under any of the provisions of Rule 60(b)(5).

Rule 60(b)(6) provides that a party may be relieved from a final judgment or order for "any other reason that justifies relief." However, relief is only applicable in extraordinary and special circumstances, and "[s]uch circumstances rarely occur in the habeas context."[13] In addition, the motion must be filed "within a reasonable time."[14] While "a reasonable time" is not defined, a Rule 60(b)(6) motion filed "more than a year after final judgment is generally considered untimely unless 'exceptional circumstances' justify the delay."[15] Particularly relevant here is the Third Circuit's admonition that "[p]rinciples of finality and comity, as expressed through AEDPA and habeas jurisprudence, dictate that federal courts pay ample respect to states' criminal judgments and weigh against disturbing those judgments via 60(b) motions. In that vein, a district court reviewing a habeas petitioner's 60(b)(6) motion may consider whether the conviction and initial federal habeas proceeding were only recently completed or ended years ago. Considerations of repose and finality become stronger the longer a decision has been settled."[16]

---

[12] *Graves v. Beard*, No. 10-894, 2014 WL 7183404, at *2 (W.D. Pa. Dec. 16, 2014) (citing *Caesar v. Padula*, No. 12-36, 2013 WL 4757506, *2 (D.S.C. Sept. 3, 2013); *Allen v. Walsh*, No. 06-4299, 2013 WL 1389752, at *4 (E.D. Pa. Mar. 15, 2013); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 630 (7th Cir. 1997) ("[J]udgments are prospective when they are 'executory' or 'involve the supervision of changing conduct or conditions'" ... "that a court's action has continuing consequences, however, does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5)"); *United States v. Dansbury*, No. 89-156, 1996 WL 592645, at *3 (E.D. Pa. Oct. 15, 1996) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2683, at 337–38 (2d ed.1995) (stating that Rule 60(b)(5) "applies to any judgment that has prospective effect as contrasted with those that offer a present remedy for a past wrong"))).

[13] *Gonzalez*, 545 U.S. at 535.

[14] Fed. R. Civ. P. 60(c).

[15] *Gray v. Kerestes*, No. 11-3349, 2011 WL 3648064, at *2 (E.D. Pa. Aug. 17, 2011) (quoting *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007)).

[16] *Cox v. Horn*, 757 F.3d 113, 125 (3d Cir. 2014) (citing *Gonzalez*, 545 U.S. at 536–37).

When all the equities are weighed, Petitioner has not shown cause to disturb a judgment entered 18 years ago. Petitioner argues that he filed the motion soon after he learned of the 2017 PCRA court ruling in Small's case. But the apparent ability to locate Blake in 2017, which the PCRA court hearing Small's petition acknowledged could be due to technological advances, does not undermine the conclusion of the state courts that Blake could not be found in 1996 and therefore does not provide a basis to disturb the Court's earlier ruling. Nor is this a case where "a proper demonstration of actual innocence by [Petitioner] should permit Rule 60(b)(6) relief unless the totality of equitable circumstances ultimately weigh heavily in the other direction."[17] Although the state courts determined that there was error in the jury charge, Petitioner's own testimony at trial admitted that he committed the robbery with Small, knew that Small had a knife, and that Small stabbed the victims after they resisted the robbery, which Petitioner did not expect Small to do.[18] The evidence does not lend itself to a credible showing that with the correct charge, "no juror, acting reasonably, would have voted to find [Petitioner] guilty beyond a reasonable doubt."[19] If Petitioner seeks relief based upon the current availability of the witness, he must present that claim to the state courts. The motion for relief under Rule 60(b) will be denied, and an appropriate order will be entered.

---

[17] *Satterfield v. Dist. Attorney Phila*, 872 F.3d 152, 163 (3d Cir. 2017).

[18] At the 1993 PCRA hearing, Bell testified that Small stabbed the murder victim for personal reasons unconnected to the robbery.

[19] *Id.* (quoting *Mc Quiggin v. Perkins*, 569 U.S. 383, 386 (2013)) (internal quotation marks omitted).